Martin J. Foley
Martin J. Foley, a PLC
601 S. Figueroa Street, Suite 2050
Los Angeles, California 90017
(213) 248-0577
martin@mjfoleylaw.com

Edward H. Rice and Marina N. Saito (*pro hac vice* forthcoming)
Law Office of Edward H. Rice, LLC
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062
ed@edwardricelaw.com
(312) 953-4566

Counsel for Plaintiff,
Socket Solutions, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SOCKET SOLUTIONS, LLC, | Case No.: 8:23-cv-2439 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| TOP GREENER INC., | *JURY TRIAL DEMANDED* |
| Defendant. | |

Plaintiff Socket Solutions, LLC ("Socket Solutions") for its Complaint against Top Greener, Inc. ("Top Greener") alleges:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent No. 9,509,080 ("the '080 Patent"), attached as Exhibit A.

2. The '080 Patent relates to a "Functional Indoor Electrical Wall Outlet Cover" that plugs into to a standard electrical wall outlet and fully conceals the outlet while providing one or more receptables for electrical plugs at the other end of an extension cord.

3. Top Greener imports and sells electrical wall outlet covers ("Infringing Outlet Covers") that infringe at least claim 19 of the '080 patent.

## THE PARTIES

4. Socket Solutions is a limited liability company, organized in Texas with a principal place of business in Houston, Texas.

5. Socket Solutions owns all rights to the '080 Patent.

6. Socket Solutions sells a successful line of electrical wall outlet covers that practice the '080 Patent claims.

7. Upon information and belief, Top Greener is a California corporation that imports, offers to sell, and sells Infringing Outlet Covers that are, or have recently been, available on www.Top Greener.com as well as at various retail outlets, including The Home Depot, Lowes, Walmart, and Wayfair.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

9. Top Greener offers to sell and sells Infringing Outlet Covers that infringe the '080 Patent to U.S. customers, including those in California and in this judicial district.

10. Upon information and belief, Top Greener resides in Irvine, California, in this judicial district.

11. The Court has personal jurisdiction over Top Greener because, upon information and belief, Top Greener resides in this district.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Top Greener resides in this district.

## BACKGROUND

**Socket Solutions and the Sleek Socket® Products**

13. Socket Solutions is the exclusive worldwide manufacturer of Sleek Socket® products and the leading seller of ultra-thin outlet cover/power strips.

14. Sleek Socket® products provide an innovative and affordable way to completely hide electrical wall outlets via a unique, ultra-thin plug design that extends only fractions of an inch from the outlet.

15. Sleek Socket® products dramatically reduce obstructions that traditional plugs create between furniture and the outlet, allowing users to position furniture closer to the wall while providing electrical receptacles in a more conveniently located power strip.

16. Sleek Socket® products cover unsightly outlets, creating a more appealing visual look while reducing or eliminating hazards for children and pets.

17. The United States Patent and Trademark Office has awarded various patents on the inventions embodied in the Sleek Socket® products, including the '080 Patent.

18. Socket Solutions holds the exclusive rights to make, use, sell and/or offer to sell any invention embodying the '080 Patent claims throughout the United States, as well as the exclusive right to import any invention embodying the '080 Patent claims into the United States.

**The '080 Patent**

19. Socket Solutions is the assignee and owner of all right, title, and interest in and to the '080 patent, which the United States Patent and Trademark Office issued on November 29, 2016.

20. The image below, Figure 1 from the '080 Patent, depicts one embodiment of the invention claimed in that patent.



FIG. 1

21. The '080 Patent relates to a device that covers the wall outlet while allowing that outlet to be used. The cover, which plugs into the wall outlet, is designed to be very thin, which allows it to be used in tight places behind furniture and which also gives it a sleek look in open areas where the wall outlet otherwise would readily be visible.

22. The Sleek Socket® products, which embody the '080 invention, have been commercially successful and have become the leading products of their kind in the market.

23. Socket Solutions has developed a reputation for selling high quality, safe electronic products that practice the '080 Patent claims.

24. Socket Solutions has complied with the requirements of 35 U.S.C. § 287 by, among other things, marking the packaging for its patented products with the '080 Patent number.

**Top Greener's Infringing Outlet Covers**

25. Top Greener sells the Infringing Outlet Covers, which it refers to as "Top Greener Outlet Extenders" on its website, www.topgreener.com, and through various retail outlets.

26. The image below, which is a screenshot captured from the topgreener.com website, depicts one of Top Greener's Infringing Outlet Covers.



27. The Infringing Outlet Cover is designed to look essentially identical to the Sleek Socket® products.

28. The Infringing Outlet Covers infringe at least claim 19 of the '080 Patent by practicing each limitation of that claim.

29. The Infringing Outlet Covers sold by Top Greener compete with the patented Sleek Socket® products.

30. Top Greener is not licensed to make, import, use, offer to sell or sell any inventions claimed in the '080 Patent.

**Top Greener Misrepresents That the Infringing Outlet Covers Are Safe**

31. The Infringing Outlet Cover displays a safety certification marking that falsely suggests that it has obtained safety certification from Intertek, a Nationally Recognized Testing Laboratory (NRTL).

32. Intertek certifies extension cords, among other things, pursuant to applicable industry-wide safety standards promulgated by Underwriter Laboratories (UL).

33. Intertek certification involves rigorous testing to ensure that a product meets safety standards and is safe for use by consumers. The standards include requirements relating to product structure and design, content for warning labels, and statements on product packaging.

34. Products that are certified by Intertek are required to display the "ETL" certification mark, with reference to an Intertek Certification Report Number that consumers may use to access corresponding certification information on the Intertek website.

35. The Infringing Outlet Cover has never received certification from Intertek or any other Nationally Recognized Testing Laboratory (NRTL).

36. Intertek has not authorized Top Greener to display any markings representing or suggesting that the Infringing Outlet Cover has obtained safety certification from Intertek.

37. Intertek has not authorized the use of its "ETL" certification mark on the Infringing Outlet Cover.

38. Inscribed on the back of the power strip component of the Infringing Outlet Cover is what purports to be an "ETL" certification mark and an Intertek Certification Report Number.

39. This ETL certification mark indicates to consumers that the fully assembled Infringing Outlet Cover has been certified by Intertek as complying with industry-wide safety standards.

40. Since the Infringing Outlet Cover has not obtained such certification, the ETL certification mark on the Infringing Outlet Cover is literally false.

41. Top Greener's unauthorized use of the ETL certification mark also misleads consumers to believe that the Infringing Outlet Cover is safe.

42. The Infringing Outlet Cover in fact is unqualified to obtain safety certification under applicable UL standards.

43. Applicable UL standards (specifically Standard 817) prohibit a device from providing the ability to convert a "temporary" attachment to an electrical wall receptacle into a "permanent" attachment to an electrical wall receptacle.

44. The Infringing Outlet Cover is capable of converting a "temporary" attachment to an electrical wall receptacle into a "permanent" attachment to an electrical wall receptacle.

45. Top Greener advises consumers how to permanently mount the Infringing Outlet Cover to the electrical receptacles of a wall outlet after removing the existing wall outlet cover.

46. Top Greener provides this advice on its Amazon listing for the Infringing Outlet Cover, on the topgreener.com website[1] and on the instruction sheet that Top Greener provides in the Infringing Outlet Cover packaging.

47. Top Greener provides screws in its packaging for fastening the Infringing Outlet Cover onto the wall outlet through the corresponding screw holes provided in the Infringing Outlet Cover.

---

[1] https://topgreener.com/product/topgreener-outlet-extender-with-3-receptacles-8ft-cord-2pcs/?attribute_pa_color=white (last viewed on December 6, 2023).

48. The Infringing Outlet Cover, therefore, cannot qualify for safety certification under applicable UL standards.

49. UL Standard 817 states that "misuse" of an extension cord to permit a permanent attachment to an electrical wall outlet "can result in fire or death by electrical shock."

50. According to UL standards, the Infringing Outlet Cover in fact is dangerously unsafe.

51. Top Greener promotes the unsafe Infringing Outlet Cover on its website as providing "enhanced safety" and suggests that it is child-safe, as reflected in the screen-capture image below from Top Greener's website.



52. Top Greener's promotional representation that the Infringing Outlet Covers offer "Enhanced Safety" is false and misleading.

53. Top Greener's promotional representation that the Infringing Outlet Covers are safe for children is false and misleading.

## Count I

## Patent Infringement

### Direct Infringement Under 35 U.S.C. § 271(a)

54. Socket Solutions incorporates the allegations contained in paragraphs 1 through 53 of this Complaint as though fully set forth in this paragraph.

55. Top Greener has been, and currently is, directly infringing at least claim 19 of the '080 Patent by selling and offering to sell the Infringing Outlet Covers in the United States.

56. Top Greener also has been, and currently is, directly infringing at least claim 19 of the '080 Patent by importing the Infringing Outlet Covers into the United States.

57. Unless Top Greener is enjoined, it will continue to directly infringe the '080 Patent.

58. Socket Solutions has been irreparably harmed by Top Greener's direct infringement. Unless it is enjoined, Top Greener will continue to harm Socket Solutions irreparably. Monetary damages alone cannot compensate for this harm.

## Count II

## Patent Infringement

### Inducement Under 35 U.S.C. § 271(b)

59. Socket Solutions incorporates the allegations contained in paragraphs 1 through 58 of this Complaint as though fully set forth in this paragraph.

60. Upon information and belief, Top Greener actively encourages its customers to use, sell or offer to sell the Infringing Outlet Covers in the U.S. That customer use directly infringes at least claim 19 of the '080 Patent.

61. Top Greener encourages that infringing customer use even though Top Greener is aware of Socket Solutions' '080 Patent.

62. Unless Top Greener is enjoined, it will continue to induce its customers to infringe the '080 Patent.

63. Socket Solutions has been irreparably harmed by Top Greener's actions inducing others to infringe the '080 Patent. Unless it is enjoined, Top Greener's actions will continue to harm Socket Solutions irreparably. Monetary damages alone cannot compensate for this harm.

### Count III

### Lanham Act False Advertising

64. Socket Solutions incorporates the allegations contained in paragraphs 1 through 63, inclusive, of this Complaint as though fully set forth in this paragraph.

65. The ETL certification mark found on the power strip component of the Infringing Outlet Cover conveys that Intertek has certified that the Infringing Outlet Cover complies with applicable industry safety standards, including UL Standard 817.

66. In fact, the Infringing Outlet Cover has not been certified by Intertek.

67. In fact, the Infringing Outlet Cover does not comply with applicable industry safety standards.

68. The ETL certification mark on the Infringing Outlet Cover, which Top Greener promotes and sells in interstate commerce, conveys a fact that is literally false.

69. The ETL certification mark also suggests to consumers that the Infringing Outlet Cover is safe when in fact it is considered dangerous under applicable UL standards.

70. Top Greener represents to buyers in interstate commerce that the Infringing Outlet Cover provides "Enhanced Safety" and is child-safe.

71. In fact, the Infringing Outlet Cover is unsafe and permits a use that UL standards identify as a serious safety hazard.

72. The representation that the Infringing Outlet Cover provides "Enhanced Safety" is literally false and it is misleading.

73. The representation that the Infringing Outlet Cover is safe for children is literally false and it is misleading.

74. Top Greener's false and misleading representations tend to deceive a substantial portion of the target consumer audience and in fact is deceiving target consumers.

75. The Infringing Outlet Cover directly competes with Socket Solutions' patented Sleek Socket® products on various online markets.

76. Socket Solutions has obtained safety certifications from Intertek for its Sleek Socket® products, and it continues to maintain those certifications.

77. Socket Solutions is authorized to mark its Sleek Socket® products and packaging with the ETL Certification Mark.

78. Top Greener's unauthorized use of the ETL Certification Mark has caused and is causing competitive injury to Socket Solutions.

79. Top Greener's false and misleading representations inflict competitive injury on Socket Solutions by suggesting to consumers that the Infringing Outlet

Cover is comparable to the Sleek Socket® products, which are rigorously and repeatedly tested for compliance with industry safety standards.

80.   Through these false and misleading representations, Top Greener seeks a competitive advantage to which it is not entitled. In so doing, it diverts sales away from Socket Solutions, whose products provide the safety benefits that Top Greener falsely claims for the Infringing Outlet Cover.

81.   These false and misleading representations violate the false advertising provision of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

# REQUEST FOR RELIEF

WHEREFORE, Socket Solutions asks this Court to:

a. Find that U.S. Patent No. 9,509,080 is valid and enforceable;

b. Find that Top Greener has infringed U.S. Patent No. 9,509,080;

c. Permanently enjoin Top Greener from infringing U.S. Patent No. 9,509,080;

d. Award Socket Solutions damages sufficient to compensate it for Top Greener's past infringement of U.S. Patent No. 9,509,080, together with costs and pre-judgment interest;

e. Permanently enjoin Top Greener from continuing its false and misleading representations.

f. Award Socket Solutions damages sufficient to compensate it for the competitive injuries caused by Top Greener's false and misleading representations;

g. Award Socket Solutions the profits earned by Top Greener from its sales of the Infringing Outlet Covers that were promoted with Top Greener's false and misleading representations;

h. Find that the Lanham Act false advertising claim constitutes an exceptional case under 15 U.S.C. § 1117 (a) and award Socket Solutions corresponding attorney fees on Count III;

i. Award Socket Solutions any other remedies provided under Section 43(a) of the Lanham Act, including costs and pre-judgment interest; and

j. Award Socket Solutions such other and further relief as may be just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Socket Solutions requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: December 21, 2023                /s/ Martin J. Foley

               By:   Martin J. Foley